# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON RAMIREZ-CARILLO,<br><br>                                    Plaintiff,<br>     vs.<br>UNITED STATES,<br><br>                                    Defendant. | CASE NO. 10cr4724/11cv2655-LAB<br><br>**ORDER DENYING 28 U.S.C. § 2255 HABEAS MOTION** |

After pleading guilty to one count of attempted reentry following deportation in violation of 8 U.S.C. § 1326, Ramon Ramirez-Carillo filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. He argues that, as an illegal alien, he is being treated differently than citizens would be, and that this violates his equal protection rights. Specifically, he argues that as a deportable alien, he is ineligible to be housed in a halfway house.

Ramirez-Carillo waived appeal and collateral attack when he pleaded guilty. (*See* Docket no. 17 (Plea Agreement) at 11:10–12:2.) The only exceptions were an appeal or collateral attack based on ineffective assistance of counsel, or an appeal of a sentence higher than the guideline range recommended pursuant to the plea agreement. In fact, Ramirez-Carillo was sentenced to 30 months, plus three years' supervised release—eleven months <u>below</u> the custodial sentence recommended pursuant to the plea agreement. (*See id.* at 8:20–9:26 (Plea Agreement's provisions regarding sentencing); Docket no. 21

(government's sentencing summary chart, including the agreed-on guidelines and recommending a sentence of 41 months); Docket no. 25 (Judgment, sentencing Ramirez-Carillo to 30 months plus 3 years' supervised release).)

Even if Ramirez-Carillo had not waived collateral attack, his motion would be denied as meritless. First, are no similarly-situated U.S. citizens who are being punished less severely for the crime to which Ramirez-Carillo pleaded guilty; by definition, this crime can only be committed by noncitizens. Second, the argument that he is entitled to a lower sentence because he is a deportable alien has been repeatedly rejected by this and other courts as meritless. *See, e.g., Patterson-Romo v. United States*, 2012 WL 2060872 (S.D.Cal., June 7, 2012) (Gonzalez, J.); *United States v. Beltran-Palafox*, 2012 WL 899262 at *2 and n.14 (D.Kan., Mar. 16, 2012); *Aguilar-Marroquin v. United States*, 2011 WL 1344251 (S.D.Cal., Apr. 8, 2011) (Huff, J.); *Rendon-Inzunza v. United States*, 2010 WL 3076271 (S.D.Cal., Aug. 6, 2010) (Burns, J.).

The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 4, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge